UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING SPIDER LLC., <br><br> *Plaintiff* <br><br> v. <br><br> 884886 CH STORE, 8888888888888888 STORE, 9.9 DROP SHIPPING STORE, ALICEJULY STORE, ARMYCAL STORE, AT666 STORE, AYRBAO DROP SHIP STORE, BABYOUNG CLOTHING 2ND STORE, BABYOUNG CLOTHING 3TH STORE, BANG FOR BUCK STORE, BAOLIWEN STORE, BOBO HANDSOME STORE, BUYBUYBUY STORE, CARL-1 DANIELS STORE, CHATGPT BEST STORE, DA FELLA STORE, DESERT SPRING, DONGGUAN QICHENG GARMENT CO., LTD., DONGGUAN SHIAN TECHNOLOGY CO., LTD., DOREMIXXX STORE, ESSENTIALS DROPSHIPPING STORE, FAR FOREVER STORE, FASHION YOUNG PEOPLE STORE, FASHIONBESTBUY STORE, FFOG STORE, FOSHAN CHANCHENG YOUKU SHOE FIRM, FOSHAN PEANUT XISHI TRADING CO., LTD., GLFS STORE, GOOD DAY0205 STORE, GUANGZHOU YUHAOTONG TRADING CO., LTD., HIGH QUALITY FLAGSHIP FACTORY STORE, HIP FRIEND STORE, KEEP GOVING STORE, LDCLFY180212 STORE, LISA DISCOUNT STORE STORE, LUXURY FASHION DESIGNER STORE, MPSTUIDOS STORE, MR-WARDROBE STORE, OT MEN STORE, OVERSIZED STREETWEAR STORE, PANG-1983 STORE, PREMIUM CUSTOM LUXURY STORE, QUANZHOU BEST SUPPLY CHAIN MANAGEMENT CO., LTD., SHARE 819 STORE, SHINE-SUN STORE, SHOP1102089593 STORE, SHOP1102193611 STORE, SHOP1102194552 STORE, SHOP1102269349 STORE, SHOP1102438390 STORE, SHOP1102651876 STORE, SHOP1102659824 STORE, SHOP1102685068 STORE, SHOP1102709057 STORE, SHOP1102723100 STORE, SHOP4411017 STORE, SHUJIEXU STORE, STREETWEAR-SUP STORE, TEACHER911 STORE, WELL DONE CLOTHING STORE, WORLD HOODIES | 23-cv-3472 (JMF) <br><br> **PRELIMINARY INJUNCTION ORDER** |

FACTORY STORE, XXDAI STORE, YSM171004 STORE, YUNYUN HIGH-QUALITY CLOTHING STORE, YYDS STORE STORE and ZHUO YUE FASHION STORE,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or King Spider** | King Spider LLC |
| **Defendants** | 884886 CH Store, 8888888888888888 Store, 9.9 drop shipping Store, ALICEJULY Store, Armycal Store, AT666 Store, Ayrbao Drop Ship Store, Babyoung Clothing 2nd Store, Babyoung Clothing 3th Store, Bang For Buck Store, BAOLIWEN Store, BOBO Handsome Store, Buybuybuy Store, Carl-1 Daniels Store, ChatGPT BesT Store, Da Fella Store, Desert Spring, Dongguan Qicheng Garment Co., Ltd., Dongguan Shian Technology Co., Ltd., DOREMIXXX Store, Essentials Dropshipping Store, FAR FOREVER Store, Fashion Young People Store, fashionbestbuy Store, FFOG Store, Foshan Chancheng Youku Shoe Firm, Foshan Peanut Xishi Trading Co., Ltd., GLFS Store, Good Day0205 Store, Guangzhou Yuhaotong Trading Co., Ltd., High Quality Flagship Factory Store, Hip Friend Store, Keep Goving Store, LDCLFY180212 Store, Lisa discount store Store, Luxury Fashion Designer Store, MPstuidos Store, mr-wardrobe Store, OT Men Store, Oversized Streetwear Store, Pang-1983 Store, Premium Custom Luxury Store, Quanzhou Best Supply Chain Management Co., Ltd., Share 819 Store, Shine-sun Store, Shop1102089593 Store, Shop1102193611 Store, Shop1102194552 Store, Shop1102269349 Store, Shop1102438390 Store, Shop1102651876 Store, Shop1102659824 Store, Shop1102685068 Store, Shop1102709057 Store, Shop1102723100 Store, Shop4411017 Store, Shujiexu Store, Streetwear-Sup Store, Teacher911 Store, Well Done Clothing Store, World Hoodies Factory Store, XXDai Store, Ysm171004 Store, Yunyun High-quality Clothing Store, YYDS Store Store and Zhuo Yue Fashion Store |
| **Alibaba** | Alibaba.com Singapore E-Commerce Ptd. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and |

|  | specifically to consumers residing in the U.S., including New York |
|---|---|
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Rucker Dec.** | Declaration of CB Rucker in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line founded by American rapper, Young Thug, specializing in men's and women's apparel, accessories, bags and other ready-made goods |
| **Sp5der Registrations** | U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 " ![sp5der] " for a variety of goods in Class 25; and 6,688,472 for " ![p*nk!] " for a variety of goods in Class 25 |
| **Sp5der Applications** | U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 "SP5" for a variety of goods in Class 25; 88/812,557 for "SP5WOM" for a variety of goods in Class 25; 97/975,035 " ![555 555] " for a variety of goods in Class 25; 97/141,407 " ![555 555] " for a variety of goods in Classes 9 and 41; 90/183,203 " ![5] " for a variety of goods in Class 25; 97/141,391 " ![sp5der] " for a variety of goods in Classes 9 and 41; 90/662,161 " ![SP5DER] " for a variety of goods |

| | |
|---|---|
| | in Class 25; 90/271,508 " **SP5WOM** " for a variety of goods in Class 25; 90/183,210 " " for a variety of goods in Class 25; and 97/141,416 " p*nk! " for a variety of goods in Classes 9 and 41 |
| **Sp5der Marks** | The marks covered by the Sp5der Registrations and Sp5der Applications |
| **Counterfeit Products** | Products bearing or used in connection with the Sp5der Marks, and/or products in packaging and/or containing labels bearing the Sp5der Marks, and/or bearing or used in connection with marks that are confusingly similar to the Sp5der Marks and/or products that are identical or confusingly similar to the Sp5der Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, |

|  | agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
|---|---|

WHERAS, Plaintiff having moved *ex parte* on April 26, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on May 2, 2023 ("TRO") which ordered Defendants to appear on May 30, 2023 at 3:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on May 19, 2023 pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant, except for Defendant Dongguan Shian Technology Co., Ltd., who was served on May 22, 2023;

WHEREAS, on May 30, 2023 at 3:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in

       Counterfeit Products or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Sp5der Marks;

ii. directly or indirectly infringing in any manner Plaintiff's Sp5der Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks, to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Sp5der Marks and/or any other marks that are confusingly similar to the Sp5der Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or

evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) through 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them

who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. Instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) above, including, without limitation, by providing services necessary for Defendants to re-list, advertise, market, promote, sell, and/or ship Counterfeit Products in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of

Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;
   ii. current account balances;
   iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;
   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;
   v. any and all deposits and withdrawal during the previous year from each and

every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User

        Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of counterfeit Products, or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and/or constitute an infringement of the Sp5der Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f) and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), service may be made on, and shall be deemed effective as to all Defendants if it is completed by the following means:

  a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

7

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to Joyce Xiang at joyce.xiang@antgroup.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Manager at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc. at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@dlapiper.com, respectively; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendants or any one of them,

or by any persons in active concert or participation with Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

7. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

10. Plaintiff shall submit a status update and proposed next steps letter within **sixty days from the date of this Order.**

**SO ORDERED.**

SIGNED this 30th day of May, 2023.
New York, New York

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE