```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
KING SPIDER LLC,                                                  :
                                                                  :
                              Plaintiff,                          :
                                                                  :         23-CV-3472 (JMF)
               -v-                                                :
                                                                  :         MEMORANDUM OPINION
884886 CH STORE et al.,                                           :              AND ORDER
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 9, 2023, Plaintiff moved for a new Temporary Restraining Order, expanded to sweep in several new Merchant Defendants (the "New Merchant Defendants"). ECF No. 53. Because Alibaba Defendants had appeared through counsel, the Court invited them to file a response, ECF No. 60, which they later did, ECF No. 71 ("Defs.' Mem."). Although Alibaba Defendants indicate that they "object to the entry of the proposed TRO only as it affects the Alibaba Defendants" and "take no position on the Proposed TRO as to any other defendant," Defs.' Mem. 1 n.1, they expend significant energy arguing against entry of the TRO in its entirety, contending that Plaintiff cannot meet its burden as to irreparable harm or likelihood of success on the merits, *id.* at 7-16. Substantially for the reasons discussed in Plaintiff's Reply, ECF No. 80, the Court finds that the Alibaba Defendants lack standing to oppose the TRO as to any other parties, including the New Merchant Defendants.

The Alibaba Defendants do, however, have standing to challenge the proposed TRO insofar as it would apply to them. The Court finds many of their arguments unpersuasive but does agree that the proposed TRO sweeps too broadly insofar as it may require the Alibaba Defendants to entirely shut down the storefronts and accounts of allegedly infringing Merchant

Defendants.  See Defs.' Mem. 16-18, 22.  Courts, including this one, have expressed reservations about such sweeping relief, finding that ordering the full shutdown of storefronts threatens third-party provider defendants with a substantial risk of reputational harm and loss of business and is not "narrowly tailored" to enjoin only illegal conduct.  See, e.g., *Kelly Toys Holdings, LLC v. 19885566 Store*, No. 22-CV-9384 (JMF), ECF No. 113 at 1-2 (S.D.N.Y. July 20, 2023) (finding that requiring a full takedown of storefronts would subject Alibaba to "irreparable harm to its business reputation" by "alienating Defendants and other merchants"); *Allstar Mktg. Grp., LLC v. Allstar Place*, No. 21-CV-5856 (LJL), 2021 WL 5047597, at 2-3 (S.D.N.Y. Oct. 28, 2021) (finding that preliminary injunctive relief "restrain[ing] third party service providers . . . from providing *any* services to Defendants' User Accounts and Merchant Storefronts" "sweeps too broadly" because it "would deprive the store of the ability to sell and customers of the ability to buy a wide range of product[s] simply because the sale of some of the products is unlawful"). Plaintiff's proposed TRO must therefore be modified to conform to the limits of appropriate preliminary injunctive relief and avoid irreparable harm to the Alibaba Defendants.

      Accordingly, by separate Order today, the Court will GRANT Plaintiff's request for entry of a TRO, subject to modifications — including those discussed herein — that will be reflected in the Order.

      SO ORDERED.

Dated: November 7, 2023  
      New York, New York

                                        JESSE M. FURMAN  
                                        United States District Judge