UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KING SPIDER LLC.,

*Plaintiff*

v.

884886 CH STORE, 8888888888888888 STORE, 9.9 DROP SHIPPING STORE, ALICEJULY STORE, ARMYCAL STORE, AT666 STORE, AYRBAO DROP SHIP STORE, BABYOUNG CLOTHING 2ND STORE, BABYOUNG CLOTHING 3TH STORE, BANG FOR BUCK STORE, BAOLIWEN STORE, BOBO HANDSOME STORE, BUYBUYBUY STORE, CARL-1 DANIELS STORE, CHATGPT BEST STORE, DA FELLA STORE, DESERT SPRING, DONGGUAN QICHENG GARMENT CO., LTD., DONGGUAN SHIAN TECHNOLOGY CO., LTD., DOREMIXXX STORE, ESSENTIALS DROPSHIPPING STORE, FAR FOREVER STORE, FASHION YOUNG PEOPLE STORE, FASHIONBESTBUY STORE, FFOG STORE, FOSHAN CHANCHENG YOUKU SHOE FIRM, FOSHAN PEANUT XISHI TRADING CO., LTD., GLFS STORE, GOOD DAY0205 STORE, GUANGZHOU YUHAOTONG TRADING CO., LTD., HIGH QUALITY FLAGSHIP FACTORY STORE, HIP FRIEND STORE, KEEP GOVING STORE, LDCLFY180212 STORE, LISA DISCOUNT STORE STORE, LUXURY FASHION DESIGNER STORE, MPSTUIDOS STORE, MR-WARDROBE STORE, OT MEN STORE, OVERSIZED STREETWEAR STORE, PANG-1983 STORE, PREMIUM CUSTOM LUXURY STORE, QUANZHOU BEST SUPPLY CHAIN MANAGEMENT CO., LTD., SHARE 819 STORE, SHINE-SUN STORE, SHOP1102089593 STORE, SHOP1102193611 STORE, SHOP1102194552 STORE, SHOP1102269349 STORE, SHOP1102438390 STORE, SHOP1102651876 STORE, SHOP1102659824 STORE, SHOP1102685068 STORE, SHOP1102709057 STORE, SHOP1102723100 STORE, SHOP4411017 STORE, SHUJIEXU STORE, STREETWEAR-SUP STORE, TEACHER911 STORE, WELL DONE CLOTHING STORE, WORLD HOODIES FACTORY STORE, XXDAI STORE, YSM171004

**23-cv-3472 (JMF)**

**~~[PROPOSED]~~ PRELIMINARY INJUNCTION ORDER**

STORE, YUNYUN HIGH-QUALITY CLOTHING STORE, YYDS STORE STORE, ZHUO YUE FASHION STORE, AFTER 17 STORE, ALIBABA.COM HONG KONG LTD., ALIBABA.COM SINGAPORE E-COMMERCE PTE. LTD, ALIEXPRESS E-COMMERCE ONE PTE. LTD., ALL TOO WELL STORE, BELIEFS STORE, DONGGUAN RAMAX FASHION CO., LTD., DONGGUAN XINGMAI APPAREL CO., LTD., DONGGUAN XINYI CLOTHING CO., LTD., DONGGUAN YIJIA CLOTHING CO., LTD., GODDESS OF LUCK STORE, GUANGXI YULIN BISEN FOREIGN TRADE SERVICE CO., LTD., GUANGXI YULIN HUIWANGXIN FOREIGN TRADE SERVICE CO., LTD., GUANGZHOU BAOYUE GARMENT CO., LTD., GUANGZHOU BOXU TRADING CO., LTD., GUANGZHOU FANSHENG TRADE CO., LTD., GUANGZHOU HEALY APPAREL CO., LTD., GUANGZHOU JIEZHAN TRADING CO., LIMITED, GUANGZHOU LUOSI INTERNATIONAL TRADING CO., LTD., GUANGZHOU YIQI INFORMATION TECHNOLOGY CO., LTD, HUBEI HUI LI APPAREL CO., LTD., JIANGSU KEYING TECHNOLOGY CO., LTD., JIANGXI YI LINGZHI CLOTHING CO., LTD., JIANGXI YILILE IMP.& EXP. CO., LTD., JINJIANG CHENGWEN SUPPLY CHAIN MANAGEMENT., LTD., LINGLONGFS STORE, NANCHANG DAILI CLOTHING CO., LTD., OOTDFASHION STORE, QUE LA FAMIL LE STORE, QINGHUA CLOTHING STORE, HULI DISTRICT, XIAMEN CITY, ROMANTIC HOUSE 24 STORE, SHANGRAO NIGHT LISTENING TRADING CO., LTD., SHAOXING JINGUO GARMENT&FURNISHINGS CO.,LTD, SHENZHEN CHAOTIAN TRADE CO., LTD., SHENZHEN OTI TEXTILE TECHNOLOGY CO., LTD., SHOP3561002 STORE, SHOPINVINCIBLE QUALITY STORE, TIANJIN MAIHE ELECTRONIC COMMERCE CO., LTD., WOMEN CLOTHES FACTORY STORE, XI 'AN AVIATION BASE XIN GANZHEN DEPARTMENT STORE, XIAMEN LINGYAO TECHNOLOGY CO., LTD., XIAMEN XIAOTIAN TWILIGHT TECHNOLOGY CO., LTD., XIAMEN YIYUANSEN TRADING CO., LTD., YIWU PARTYLAND COSTUMES CO., LTD., ZHENGZHOU SHANGZHIJIE TRADING CO., LTD., and ZHENPING COUNTY CANSHU CLOTHING STORE,

*Defendants*

**GLOSSARY**

| Term | Definition |
| --- | --- |
| **Plaintiff or King Spider** | King Spider LLC |
| **Original Merchant Defendants** | 884886 CH Store, 8888888888888888 Store, 9.9 drop shipping Store, ALICEJULY Store, Armycal Store, AT666 Store, Ayrbao Drop Ship Store, Babyoung Clothing 2nd Store, Babyoung Clothing 3th Store, Bang For Buck Store, BAOLIWEN Store, BOBO Handsome Store, Buybuybuy Store, Carl-1 Daniels Store, ChatGPT BesT Store, Da Fella Store, Desert Spring, Dongguan Qicheng Garment Co., Ltd., Dongguan Shian Technology Co., Ltd., DOREMIXXX Store, Essentials Dropshipping Store, FAR FOREVER Store, Fashion Young People Store, fashionbestbuy Store, FFOG Store, Foshan Chancheng Youku Shoe Firm, Foshan Peanut Xishi Trading Co., Ltd., GLFS Store, Good Day0205 Store, Guangzhou Yuhaotong Trading Co., Ltd., High Quality Flagship Factory Store, Hip Friend Store, Keep Goving Store, LDCLFY180212 Store, Lisa discount store Store, Luxury Fashion Designer Store, MPstuidos Store, mr-wardrobe Store, OT Men Store, Oversized Streetwear Store, Pang-1983 Store, Premium Custom Luxury Store, Quanzhou Best Supply Chain Management Co., Ltd., Share 819 Store, Shine-sun Store, Shop1102089593 Store, Shop1102193611 Store, Shop1102194552 Store, Shop1102269349 Store, Shop1102438390 Store, Shop1102651876 Store, Shop1102659824 Store, Shop1102685068 Store, Shop1102709057 Store, Shop1102723100 Store, Shop4411017 Store, Shujiexu Store, Streetwear-Sup Store, Teacher911 Store, Well Done Clothing Store, World Hoodies Factory Store, XXDai Store, Ysm171004 Store, Yunyun High-quality Clothing Store, YYDS Store Store and Zhuo Yue Fashion Store |
| **New Merchant Defendants** | After 17 Store, All Too Well Store, Beliefs Store, Dongguan Ramax Fashion Co., Ltd., Dongguan Xingmai Apparel Co., Ltd., Dongguan Xinyi Clothing Co., Ltd., Dongguan Yijia Clothing Co., Ltd., Goddess of luck Store, Guangxi Yulin Bisen Foreign Trade Service Co., Ltd., Guangxi Yulin Huiwangxin Foreign Trade Service Co., Ltd., Guangzhou Baoyue Garment Co., Ltd., Guangzhou Boxu Trading Co., Ltd., Guangzhou Fansheng Trade Co., Ltd., Guangzhou Healy Apparel Co., Ltd., Guangzhou Jiezhan Trading Co., Limited, Guangzhou Luosi International Trading Co., Ltd., Guangzhou Yiqi Information Technology Co., Ltd, Hubei Hui Li Apparel Co., Ltd., Jiangsu Keying Technology Co., Ltd., Jiangxi Yi Lingzhi Clothing Co., Ltd., Jiangxi Yilile Imp.& Exp. Co., Ltd., Jinjiang Chengwen Supply Chain Management., Ltd., LINGLONGFS Store, Nanchang Daili |

| | |
|---|---|
| | Clothing Co., Ltd., Ootdfashion Store, QUE LA FAMIL LE Store, Qinghua Clothing Store, Huli District, Xiamen City, Romantic House 24 Store, Shangrao Night Listening Trading Co., Ltd., Shaoxing Jinguo Garment&Furnishings Co.,Ltd, Shenzhen Chaotian Trade Co., Ltd., Shenzhen Oti Textile Technology Co., Ltd., Shop3561002 Store, ShopInvincible Quality Store, Tianjin Maihe Electronic Commerce Co., Ltd., Women Clothes Factory Store, Xi 'an Aviation Base Xin Ganzhen Department Store, Xiamen Lingyao Technology Co., Ltd., Xiamen Xiaotian Twilight Technology Co., Ltd., Xiamen Yiyuansen Trading Co., Ltd., Yiwu Partyland Costumes Co., Ltd., Zhengzhou Shangzhijie Trading Co., Ltd., and Zhenping County Canshu Clothing Store |
| **Merchant Defendants** | Original Merchant Defendants and New Merchant Defendants |
| **Alibaba Defendants** | Alibaba.com Hong Kong Ltd., Alibaba.com Singapore E-Commerce Pte. Ltd. and AliExpress E-Commerce One Pte. Ltd. |
| **Defendants** | Merchant Defendants and Alibaba Defendants |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Alibaba Platforms** | Alibaba, AliExpress, 1688.com, Taobao.com and Tmall.com |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint filed on April 24, 2023 |
| **Original TRO Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on April 26, 2023 |
| **Original TRO Application MOL** | Memorandum of Law filed in support of Plaintiff's Original TRO Application |

| | |
|---|---|
| **Second TRO Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 9, 2023 |
| **Original Rucker Dec.** | Declaration of CB Rucker in Support of Plaintiff's Original TRO Application |
| **Original Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Original TRO Application |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line founded by American rapper, Young Thug, specializing in men's and women's apparel, accessories, bags and other ready-made goods |
| **Second Rucker Dec.** | Declaration of CB Rucker in Support of Plaintiff's Second TRO Application |
| **Second Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Second TRO Application |
| **Sp5der Registrations** | U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 " sp5der " for a variety of goods in Class 25; 7,049,772 " SP5DER " for a variety of goods in Class 25; 7,031,211 " 555 555 " for a variety of goods in Class 25; and 6,688,472 for " p*nk! " for a variety of goods in Class 25 |
| **Sp5der Applications** | U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 "SP5" for a variety of goods in Class 25; 88/812,557 for "SP5WOM" for a variety of goods in Class 25; 97/141,407 " 555 555 " for a variety of goods in Classes 9 and 41; 90/183,203 " 5 " for a variety of goods in Class 25; 97/141,391 " sp5der " for a variety of goods in Classes |

| | 9 and 41; 90/271,508 “SP5WOM” for a variety of goods in Class 25; 90/183,210 “ ” for a variety of goods in Class 25; and 97/141,416 “ ” for a variety of goods in Classes 9 and 41 |
|---|---|
| **Sp5der Marks** | The marks covered by the Sp5der Registrations and Sp5der Applications |
| **Counterfeit Products** | Products bearing or used in connection with the Sp5der Marks, and/or products in packaging and/or containing labels bearing the Sp5der Marks, and/or bearing or used in connection with marks that are confusingly similar to the Sp5der Marks and/or products that are identical or confusingly similar to the Sp5der Products |
| **Infringing Listings** | Defendants’ listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants’ Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants’ Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants’ User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. (“PayPal”), Payoneer Inc. (“Payoneer”), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) and PingPong Global Solutions, Inc. (“PingPong”) |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities |

| | |
|---|---|
| | through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
| **Original TRO** | The Temporary Restraining Order against the Original Merchant Defendants, Third Party Service Providers and Financial Institutions entered by the Court on May 2, 2023 |
| **Original PI Order** | The Preliminary Injunction Order against the Original Merchant Defendants, Third Party Service Providers and Financial Institutions entered by the Court on May 30, 2023 |
| **Second TRO** | The Temporary Restraining Order against the New Merchant Defendants, Third Party Service Providers and Financial Institutions entered by the Court on November 7, 2023 |

WHEREAS, Plaintiff having moved on October 9, 2023 against New Merchant Defendants for the following: 1) a temporary restraining order; 2) an order restraining New Merchant Defendants' Merchant Storefronts and New Merchant Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on October 20, 2023, Plaintiff filed its Second Amended Complaint ("SAC");

WHEREAS, on the same day, October 20, 2023, pursuant to the alternative methods of service authorized by the Original TRO, Plaintiff served a copy of the SAC on each and every Original Merchant Defendant;

WHEREAS, the Court granted Plaintiff's Application and entered the Second TRO on November 7, 2023 which ordered Merchant Defendants to appear on December 5, 2023 at 2:15 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on November 27, 2023, Plaintiff filed a letter requesting to modify and extend the Second TRO, including the date of the Show Cause Hearing;

WHEREAS, on the same day, November 27, 2023, the Court granted Plaintiff's request, adjourning the Show Cause Hearing to December 19, 2023 at 3:00 p.m. ("November 27, 2023 Order");

WHEREAS, on December 4, 2023 pursuant to the alternative methods of service authorized by the Second TRO, Plaintiff served the Summons, SAC, Second TRO, all papers filed in support of the Second TRO Application and the November 27, 2023 Order on each and every Merchant Defendant, except for Merchant Defendant Xiamen Lingyao Technology Co., Ltd.;

WHEREAS, on December 19, 2023 at 3:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Merchant Defendants appeared.

**ORDER**

1. The injunctive relief previously granted in the Second TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Merchant Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Sp5der Marks;

      ii. directly or indirectly infringing in any manner Plaintiff's Sp5der Marks;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks, to identify any goods or services not authorized by Plaintiff;

      iv. using Plaintiff's Sp5der Marks and/or any other marks that are confusingly similar to the Sp5der Marks, on or in connection with Merchant Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

      v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or

association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Merchant Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Merchant Defendants and Merchant Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Merchant Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) through 1(c)(i) below.

b) Accordingly, Merchant Defendants and all persons in active concert and participation

with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Merchant Defendants' Assets from or to Merchant Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Merchant Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. instructing, aiding or abetting Merchant Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) above~~, including, without limitation, by providing services necessary for Merchant Defendants to re-list, advertise, market, promote, sell, and/or ship Counterfeit Products in violation of this Order~~.

2. As sufficient cause has been shown, the asset restraint granted in the Second TRO shall remain in place through the pendency of this litigation, including that:

a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Merchant

Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Merchant Defendants and Merchant Defendants' User Accounts, contact information for Merchant Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Merchant Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the Second TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Merchant Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Merchant Defendants, Merchant Defendants' User Accounts and Merchant Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Merchant Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every one of Merchant Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi. any and all wire transfers into each and every of Merchant Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Merchant Defendants' User Accounts and Merchant Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i. any and all User Accounts and Merchant Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Merchant Defendants' Merchant Storefronts that Merchant Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the Second TRO;

ii. the identities, location and contact information, including any and all e-mail addresses of Merchant Defendants that were not previously provided pursuant to Paragraph V(C) of the Second TRO;

iii. the nature of Merchant Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Merchant Defendants' User Accounts and Merchant Defendants' Merchant Storefronts, a full accounting of Merchant Defendants' sales history and listing history under such accounts and Merchant Defendants' Financial Accounts with any and all Financial Institutions associated with Merchant Defendants' User Accounts and Merchant Defendants' Merchant Storefronts; and

iv. Merchant Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of counterfeit Products, or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and/or constitute an infringement of the Sp5der Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f) and Articles 1 and 15 of

the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), service may be made on, and shall be deemed effective as to all Merchant Defendants if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Merchant Defendant will be able to download a PDF copy of this Order, to Merchant Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the Second TRO or may otherwise be determined.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to to wb-wny616059@antgroup.com and wb-yj965636@antgroup.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-

USTRO@aliexpress.com, and Samuel N. Tiu and Zachary Payne, counsel for the Alibaba Defendants at stiu@sidley.com and zpayne@sidley.com, respectively;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc. at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@dlapiper.com, respectively; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal-int@pingpongx.com.

6. Merchant Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Merchant Defendants or any one of them, or by any persons in active concert or participation with Merchant Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8. Any Merchant Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

9. Plaintiff shall submit a status update and proposed next steps letter ~~within **sixty days from the date of this Order**~~. no later than February 13, 2024 and every sixty days thereafter until the Court orders otherwise. *See* ECF No. 95.

**SO ORDERED.**

SIGNED this 19th day of December, 2023, at 3:30 p.m.
New York, New York

HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE