UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
KING SPIDER LLC, :
:
:
Plaintiff, :
: 23-CV-3472 (JMF)
-v- :
: MEMORANDUM OPINION
884886 CH STORE et al., : AND ORDER
:
Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff King Spider LLC ("King Spider") is the manufacturer of a "successful and high-end lifestyle streetwear line of men's and women's apparel" and other goods called Sp5der, which was launched in 2019 by the rapper known as Young Thug. *See* ECF No. 92 ("TAC"), ¶¶ 1, 12. It filed this lawsuit against dozens of e-commerce merchants (the "Merchant Defendants"), likely based in China, in connection with their sale of counterfeit Sp5der products through online platforms, including Alibaba.com. *See id.* ¶¶ 1, 38-39. After the Court granted an initial temporary restraining order in May 2023, *see* ECF No. 3, King Spider filed the First Amended Complaint, which added claims against Alibaba.com Hong Kong Ltd., Alibaba.com Singapore E-Commerce Pte. Ltd., and AliExpress E-Commerce One Pte. Ltd. (together, the "Alibaba Defendants"), the owners and operators of Alibaba.com and related platforms. *See* ECF No. 35, ¶¶ 161-75. In October 2023, King Spider filed a Second Amended Complaint, *see* ECF No. 74, adding several new Merchant Defendants and, thereafter, obtained an amended and updated temporary restraining order, *see* ECF No. 83, and later a preliminary injunction, *see* ECF No. 96, binding the new Merchant Defendants as well. The Alibaba Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss one of King

Spider's two claims against them in the operative Third Amended Complaint — namely, its claim for contributory trademark infringement.  *See* ECF No. 100.  Upon review of the Third Amended Complaint and the parties' motion papers, the Court concludes that King Spider's contributory trademark infringement claim against the Alibaba Defendants is deficient as a matter of law and that the partial motion to dismiss must therefore be granted.

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008).  A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555.  If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

"To state a claim for contributory trademark infringement, a plaintiff must allege that defendant either (1) intentionally induced another to infringe a trademark or (2) continued to supply its product or service to one whom it knew or had reason to know was engaging in trademark infringement." *Lopez v. Bonanza.com, Inc.*, 17-CV-8493 (LAP), 2019 WL 5199431, at *14-15 (S.D.N.Y. Sept. 30, 2019) (citing *Row, Inc. v. Hotels*, No. 15-CV-4419 (JFK), 2018 WL 3756456, at *5 (S.D.N.Y. July 19, 2018) (cleaned up)).  In cases in which "a plaintiff alleges

a service provider's contributory liability, it is required to allege that said service provider had more than a general knowledge or reason to know that its service is being used to [infringe a trademark], and sufficient control over infringing activity to merit liability." *Id.* (citing *Row*, 2019 WL 3756456, at *6). King Spider's suggestion that "knowledge of specific infringing activity is not required . . . and, instead, the requisite knowledge is imputed to Alibaba Defendants based on the near complete control that they have over the Merchant Defendants' instrumentality of the infringement," ECF No. 103 ("Pl.'s Opp'n"), at 13, is without merit. In *Tiffany (NJ) Inc. v. eBay Inc.* ("*Tiffany II*"), 600 F.3d 93 (2d Cir. 2010), the Second Circuit explicitly held that "[f]or contributory trademark infringement liability to lie, a service provider must have *more than a general knowledge or reason to know* that its service is being used to sell counterfeit goods," *id.* at 107 (emphasis added). *Tiffany II*'s discussion of "control" was limited to its analysis of whether and when the Second Circuit's test for contributory trademark infringement applies to service providers. *Id.* at 104-05. It did not suggest that control was a substitute for knowledge, and King Spider offers no support for its contrary position.

      King Spider's pleadings fail to plausibly allege the requisite knowledge needed for a contributory infringement claim. King Spider contends that it has pleaded "nearly identical facts" to those alleged in *Kelly Toys Holdings v. 19885566 Store*, No. 22-CV-9384 (JMF), 2023 WL 8936307 (S.D.N.Y. Dec. 27, 2023), in which this Court recently denied the Alibaba Defendants' motion to dismiss similar claims. Pl.'s Opp'n 2. But the pleadings in the two cases differ in material — and ultimately outcome-determinative — ways. Specifically, the plaintiff in *Kelly Toys* alleged that the "Alibaba Defendants were 'made specifically aware of many defendants,' including 'several Merchant Defendants named in this action, and their specific infringing and counterfeiting activities,' through orders in six separate lawsuits against sellers on

3

Alibaba and AliExpress." 2023 WL 8936307, at *1.  The plaintiff further alleged "that, notwithstanding that awareness, infringing listings — including some by the Merchant Defendants — have continued to proliferate on the Alibaba platforms[,] . . . includ[ing] postings that the Alibaba Defendants had been advised were in violation of the 'three-strike policy' they use to terminate the accounts of repeat offenders." *Id.*  This Court held that, taken together, these allegations sufficed to satisfy the knowledge element of a contributory trademark infringement claim.  *See id.* at *2 (citing *Lopez*, 2019 WL 5199431, at *14-15, 23-25).[1]

King Spider also alleges that the Alibaba Defendants were "made specifically aware of" several Merchant Defendants and their "infringing and counterfeiting activities and listings," TAC ¶ 65, but here that allegation is entirely conclusory.  The only allegations arguably supporting specific awareness here are that eight Merchant Defendants — whose allegedly infringing activity the Alibaba Defendants had been made aware of by virtue of the earlier temporary restraining order and preliminary injunction (and whose infringing listings the Alibaba Defendants had taken down) — had posted new allegedly infringing listings.  *See* TAC ¶¶ 67-72.  But awareness that certain Merchant Defendants had at *one* point in time posted infringing listings is not enough to plausibly support an inference that the Alibaba Defendants had specific knowledge that those Merchant Defendants were likely to infringe again, nor that the Alibaba Defendants were sufficiently on notice to permit an inference of willful blindness.  As the Alibaba Defendants note, to hold otherwise would effectively be to hold that they are

---

[1] Similar allegations were also deemed sufficient in a recent opinion by Judge Hellerstein in another Kelly Toys case, offered by King Spider as supplemental authority.  *See Kelly Toys Holdings, LLC v. Alialialill Store*, No. 21-CV-8434 (AKH), 2024 WL 1892306, at *1 (S.D.N.Y. Apr. 30, 2024) (pointing to allegations that defendants were made aware of infringing listings but "neither the infringing listings nor the infringing sellers were removed from the sites," including some storefronts run by merchants in violation of Alibaba's three-strike policy); *see also* ECF Nos. 113-14 (parties' letters regarding the import of Judge Hellerstein's opinion).

4

required to "remove" the storefront of any merchant who posts a single infringing listing. ECF No. 101 ("Alibaba Mem."), at 11-12. This Court and others have rejected the notion that such an outcome is required by trademark law. *See* ECF No. 84, at 2; *see also* ECF No. 113, at 1-2, *Kelly Toys Holdings, LLC v. 19885566 Store*, No. 22-CV-9384 (JMF) (S.D.N.Y. July 20, 2023) (finding that requiring a full takedown of storefronts would subject Alibaba to "irreparable harm to its business reputation" by "alienating Defendants and other merchants"); *Allstar Mktg. Grp., LLC v. Allstar Place*, No. 21-CV-5856 (LJL), 2021 WL 5047597, at *2-3 (S.D.N.Y. Oct. 28, 2021) (finding that preliminary injunctive relief "restrain[ing] third party service providers . . . from providing *any* services to Defendants' User Accounts and Merchant Storefronts . . . sweeps too broadly" because it "would deprive the store of the ability to sell and customers of the ability to buy a wide range of product[s] simply because the sale of some of the products is unlawful").

The absence of allegations supporting an inference of specific knowledge as to particular Merchant Defendants who were likely to continue to infringe distinguishes this case not only from *Kelly Toys*, but also from *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 766 (C.D. Cal. 2015), and *Slep-Tone Entertainment Corp. v. Golf 600 Inc.*, 193 F. Supp. 3d 292, 295 (S.D.N.Y. 2016), upon which King Spider relies. *See* Pl.'s Opp'n 14; ECF No. 104 ("Alibaba Reply"), at 5. King Spider does not allege infringing "postings that the Alibaba Defendants had been advised were in violation of the 'three-strike policy' they use to terminate the accounts of repeat offenders." *Kelly Toys*, 2023 WL 8936307, at *1. Nor does it allege that Alibaba Defendants have "failed to eliminate *repeat infringers* from its websites," *Spy Optic, Inc.*, 163 F. Supp. 3d at 761 (emphasis added), or that their "relationship was with 'identified [merchants] known by [them] to be engaging in *continuing infringement*.'" *Slep-Tone Ent. Corp.*, 193 F. Supp. 3d at 298 (emphasis added) (quoting *Tiffany Inc. v. eBay Inc.*, 600 F.3d 93, 108 (2d Cir.

2010). In sum, given the absence of allegations that the Alibaba Defendants were made aware of specific Merchant Defendants that were *repeat* or *continuing* offenders — and thus arguably likely to continue to post infringing listings — King Spider's Third Amended Complaint fails to state a claim for contributory trademark infringement.

For the foregoing reasons, the Alibaba Defendants' motion to dismiss Count Six of the Third Amended Complaint must be and is GRANTED. Unless and until the Court orders otherwise, Alibaba Defendants shall file their Answer to the remaining count against them within **two weeks** of the date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 12(a)(4)(A). By separate Order, the Court will schedule an initial pretrial conference.

The Clerk of Court is directed to terminate ECF No. 100.

SO ORDERED.

Dated: June 26, 2024
      New York, New York

JESSE M. FURMAN
United States District Judge

6