UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KING SPIDER LLC,                                                        :
                                                                        :
                              Plaintiff,                                :
                                                                        :    23-CV-3472 (JMF)
               -v-                                                      :
                                                                        :    MEMORANDUM OPINION
884886 CH STORE et al.,                                                 :    AND ORDER
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff King Spider LLC ("King Spider"), the manufacturer of apparel and other goods called "Sp5der," moves for leave to file a Fourth Amended Complaint. ECF No. 131. By Memorandum Opinion and Order dated June 26, 2024, the Court granted a partial motion to dismiss that had been filed by Alibaba.com Hong King Ltd., Alibaba.com Singapore E-Commerce Pte. Ltd. ("Alibaba.com Singapore"), and AliExpress E-Commerce One Pte. Ltd. (together, the "Alibaba Defendants"), and dismissed a claim of contributory trademark infringement against the Alibaba Defendants. *See King Spider LLC v. 884886 CH Store*, No. 23-CV-3472 (JMF), 2024 WL 3184674 (S.D.N.Y. June 26, 2024) (ECF No. 117). King Spider's proposed Fourth Amended Complaint, ECF No. 132-1 ("Proposed 4AC"), seeks to reinstate the claim against Alibaba.com Singapore, *id.* ¶¶ 182-197, premised on new factual allegations, principally its discovery, on July 25, 2024, "that one of the Merchant Defendants, Guangzhou Luosi International Trading Co., Ltd. ('Guangzhou Luosi') is currently offering Counterfeit Products for sale," *id.* ¶¶ 110-119.

More specifically, the proposed Fourth Amended Complaint alleges that Alibaba.com Singapore had "specific knowledge that Guangzhou Luosi had relisted Counterfeit Products at

least twice before in this action alone" by virtue of Guangzhou Luosi being named as a Merchant Defendant "in the FAC and in the Second TRO and PI Order" and King Spider indicating in its opposition to the motion to dismiss that, well after the FAC and Second TRO were served on the Alibaba Defendants, Guangzhou Luosi (along with several Merchant Defendants) "were relisting Counterfeit Products for sale in violation of the Second TRO." *Id.* ¶¶ 119, 112-113.  Together with the allegation that Guangzhou Luosi was named as a defendant in a separate case filed by Plaintiff's counsel and in which the Alibaba Defendants were served copies of temporary restraining and preliminary injunction orders that identified Guangzhou Luosi, King Spider alleges that "Guangzhou Luosi's present Infringing Listing constitutes its fourth 'strike' in violation of Alibaba Defendants' three strike policy." *Id.* ¶¶ 115-116, 118.  Two of the Alibaba Defendants filed papers in opposition to King Spider's request on August 12, 2024, and King Spider filed reply papers on August 16, 2024.  ECF Nos. 139-140, 142-143.

As a threshold matter, although King Spider's motion is styled as one for leave to amend pursuant to Rule 15(a)(2), "because [it] seeks to add claims based on events that occurred after the filing of the complaint, the . . . motion is more properly classified as one for leave to serve a supplemental pleading under [Rule] 15(d)."  *Cummings-Fowler v. Suffolk Cnty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012).  That said, because King Spider "seeks to add [a] related claim[] against the same defendant, the analysis under Rule 15(a) and Rule 15(d) is the same.  *Id.* (citing *M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 728 F. Supp. 2d 205, 222 (E.D.N.Y. 2010)). "A district court may grant a motion to file a supplemental pleading 'in the exercise of its discretion, upon reasonable notice and upon such terms as may be just.'"  *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 593 (S.D.N.Y. 2017) (quoting *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)).  "Absent undue delay, bad faith, dilatory tactics, and

2

undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Id.* (quoting *Quaratino*, 71 F.3d at 66). The Alibaba Defendants do not assert any "undue delay, bad faith, dilatory tactics, [or] undue prejudice" in their opposition; instead, they principally argue that King Spider's motion should be denied on the ground that amendment (or supplementation, as it were) would be futile because the proposed claim to be added could not withstand a motion to dismiss. *See* ECF No. 140 ("Alibaba Opp'n"), at 2-16.[1]

"In determining whether a proposed supplemental complaint is futile, a court must treat the motion to supplement in the same manner as a motion to dismiss, looking only at the face of the complaint, any documents referred or attached to the pleadings, and accepting all the allegations in the complaint as true." *Wang v. New York City Dep't of Youth & Cmty. Dev.*, 21-CV-6271 (LGS) (VF), 2024 WL 1174723, at *5 (S.D.N.Y. Mar. 19, 2024) (citing *Rivers v. N.Y.C. Housing Auth.*, No. 11-CV-5065 (KAM) (MDG), 2014 WL 1311557, at *4 (E.D.N.Y. Mar. 31, 2014)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Garay v. Novartis Pharma. Corp.*, 576 Fed. App'x 24, 25 (2d Cir. 2014) (summary order) (quoting *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible

---

[1] The Alibaba Defendants also argue that King Spider's motion is barred by the Court's November 21, 2023, Order, ECF No. 87, which cautioned that "Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss," *see* Alibaba Opp'n 1-2. But because the proposed Fourth Amended Complaint alleges facts that arose after the filing of the Third Amended Complaint, that Order cannot be said to categorically bar King Spider from serving a supplemental pleading. Furthermore, the Alibaba Defendants' argument for why the proposed pleading "raises the same issues the Court addressed and dismissed in the Third Amended Complaint" is nothing more than its futility argument in different clothing.

3

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The standard for a contributory trademark infringement claim brought against a service provider is well established, even if its application is not always clear: A service provider "may become contributorially liable for the infringing conduct of another" if (1) "the service provider 'intentionally induces another to infringe a trademark,'" *or* (2) "the service provider 'continues to supply its [service] to one whom it knows or has reason to know is engaging in trademark infringement.'" *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 106 (2d Cir. 2010) (quoting *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982)); *accord Lopez v. Bonanza.com, Inc.*, No. 17-CV-8493 (LAP), 2019 WL 5199431, at *14-15 (S.D.N.Y. Sept. 30, 2019). To satisfy this standard, a plaintiff must allege that "said service provider had more than a general knowledge or reason to know that its service is being used to [infringe a trademark], and sufficient control over infringing activity to merit liability." *Lopez*, 2019 WL 5199431, at *14; *accord Tiffany (NJ) Inc.*, 600 F.3d at 107.

Applying those standards here, the Court concludes that King Spider's proposed new claim states a plausible claim for relief and, accordingly, that supplementation would not be futile. The Alibaba Defendants largely recycle arguments raised in their earlier — successful — partial motion to dismiss, namely that King Spider fails to allege that Alibaba.com Singapore had awareness of infringement. *See* Alibaba Opp'n 2-12. The Court held that King Spider's Third Amended Complaint "fail[ed] to plausibly allege the requisite knowledge needed for a contributory infringement claim," *King Spider LLC*, 2024 WL 3184674, at *2, distinguishing its denial of a motion to dismiss in *Kelly Toys Holdings v. 19885566 Store*, No. 22-CV-9384 (JMF),

4

2023 WL 8936307 (S.D.N.Y. Dec. 27, 2023), where the plaintiff had alleged that the Alibaba Defendants were "made specifically aware of many defendants . . . and their specific infringing and counterfeiting activities, through orders in six separate lawsuits" and that, "notwithstanding that awareness, infringing listings — including some by [those same defendants] — [had] continued to proliferate on the Alibaba platforms, including postings that the Alibaba Defendants had been advised were in violation of the 'three-strike policy' they use to terminate the accounts of repeat offenders," *King Spider LLC*, 2024 WL 3184674, at *2 (cleaned up) (quoting *Kelly Toys Holdings*, 2023 WL 8936307, at *1).  King Spider's proposed Fourth Amended Complaint alleges that the Alibaba Defendants had "specific knowledge that Guangzhou Luosi had relisted Counterfeit Products" at least three times by virtue of orders entered in this lawsuit and one other and that Alibaba.com Singapore nonetheless continued to provide services to it even though its "present Infringing Listing constitutes its fourth 'strike' in violation of Alibaba Defendants' three strike policy." *See* Proposed 4AC ¶¶ 112-13, 115-16, 118-119.  Although thinner than the allegations put forth in *Kelly Toys Holdings*, these allegations — taken together — "nudge [King Spider's] claims across the line from conceivable to plausible." *Iqbal*, 550 U.S. at 570.[2]

      Finally, the Alibaba Defendants raise a new argument not briefed in their previous motion to dismiss: that the proposed contributory trademark infringement claim is "overbroad and over-reaching" insofar as it falls outside the territorial reach of the Lanham Act in light of the Supreme Court's decision in *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412 (2023). *See* Alibaba Opp'n 12-16.  At most, however, this argument would limit the scope of the

---

[2] The Alibaba Defendants' insistence that they promptly removed the alleged Guangzhou Luosi infringing listing before King Spider even filed the instant motion, *see* Alibaba Opp'n 6-7, 11-12, is irrelevant at this stage because the Court must "look[] only at the face of the complaint, any documents referred or attached to the pleadings, and accept[] all the allegations in the complaint as true." *Wang*, 2024 WL 1174723, at *5.

relief available to King Spider; as the Alibaba Defendants themselves seem to concede, it does not suggest that King Spider's proposed contributory trademark infringement claim altogether fails to state a claim. *See id.* at 15 ("[A]ll of any merchant defendant's sales . . . *that are made outside the U.S.* are not actionable under the Lanham Act." (emphasis added)). *Abitron* thus does not provide grounds to deny King Spider's motion to file a Fourth Amended Complaint.

For the foregoing reasons, King Spider's motion is GRANTED. King Spider shall file a clean version of its Fourth Amended Complaint **within two days of this Memorandum Opinion and Order**. The Clerk of Court is directed to terminate ECF No. 131.

SO ORDERED.

Dated: September 17, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge