UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                             :

KING SPIDER LLC,                      :

                              :

               Plaintiff,         :

                              :               23-CV-3472 (JMF)

        -v-                    :

                              :         MEMORANDUM OPINION

884886 CH STORE et al.,         :           AND ORDER

                              :

               Defendants.       :

                              :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On October 9, 2024, Defendant Dongguan Xingmai Apparel Co., Ltd. ("Xingmai"),

moved to dismiss, *see* ECF No. 156, arguing in part that "[t]his Court lacks personal jurisdiction

over Xingmai" because Xingmai has been served only by email and "[t]he Hague Convention

prohibits service by email on defendants located in China," ECF No. 157 ("Def.'s Mem."), at 9,

12.  In response, Plaintiff represents that it "is currently in the process of serving Xingmai

through the Hague [Convention]."  ECF No. 171 ("Pl.'s Opp'n"), at 7; *see also* ECF No. 164, at

2 (reporting that "the Hague service request[]" for Xingmai had been "finalized and will be

transferred to the Supreme People's Court for processing" and that, "[b]ased on Plaintiff's

counsel's experience, Hague service can take several months to over a year to complete").

Notably, there is no dispute that service on Xingmai through the Hague Convention would

suffice to establish personal jurisdiction.  *See* Def.'s Mem. 9-10 ("[B]ecause Xingmai is located

in China, a party to the Convention, the Hague Convention applies.").

       It is well established that "[a] court must first determine that it has personal jurisdiction

over defendants before proceeding to the merits of a case."  *Kaplan Grp. Invs. LLC v. A.S.A.P.*

*Logistics Ltd.*, 694 F. Supp. 3d 374, 384 (S.D.N.Y. 2023) (citing *Sinochem Int'l Co. v. Malaysia*

*Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).  In light of that, and Plaintiff's ongoing efforts to serve Xingmai through the Hague Convention — which would moot Xingmai's threshold argument for dismissal — the Court concludes that it is premature to address Xingmai's other arguments for dismissal.  *See, e.g.*, Def.'s Mem. 12-14 (arguing Plaintiff's Fourth Amended Complaint fails to state a claim).  Accordingly, Xingmai's motion to dismiss is DENIED without prejudice to renewal within three weeks of the date on which it is served with the summons and Complaint through the Hague Convention.

To the extent that Xingmai, in its reply memorandum of law, argues that email service was insufficient to support the Court's prior entry of the temporary restraining order or preliminary injunctions, *see* ECF No. 176 ("Def.'s Reply"), at 1-4, its argument is both misguided and misplaced.  First, "[i]t is well established, of course, that arguments first raised in reply briefs are forfeited or waived." *Chevron Corp. v. Donziger*, 325 F. Supp. 3d 371, 379 n.21 (S.D.N.Y. 2018).  Second, Xingmai could have moved to vacate the temporary restraining order and preliminary injunctions, but it did not do so.  *See, e.g.*, ECF No. 96, ¶ 8 (explicitly noting that any "Merchant Defendant" could "move to dissolve or modify" the preliminary injunction).  In any event, Article 15 of the Hague Convention allows alternative methods of service in cases of "urgency," when courts are permitted "to issue any provisional or protective measures." *Footprint Int'l, LLC v. Footprint Asia Ltd.*, No. 24-CV-93 (DGC), 2024 WL 1556347, at *3 (D. Ariz. Apr. 9, 2024) (citing Art. 15, 20 U.S.T. 361); *see also Lonati, S.p.A. v. Soxnet, Inc.*, No. 20-CV-5539, 2021 WL 9839476, at *3 (C.D. Cal. Sept. 20, 2021) ("Article 15 of the Hague Convention provides that the judge may order, in case of urgency, any provisional or protective measures," and "such measures have been interpreted to include special forms of service." (cleaned up)).  And Article 15 applies when, as here, "service through China's central authority

would take many months" and the plaintiff alleges it would "face[] irreparable threats to its brand, business interests, and reputation without immediate court intervention." *Footprint Int'l*, 2024 WL 1556347, at *4.

The Clerk of Court is directed to terminate ECF No. 156.

SO ORDERED.

Dated: December 17, 2024
       New York, New York
                                    _____
                                         JESSE M. FURMAN
                                    United States District Judge

3